## OHLEYER v. BUNCE.*

January 28, 1884.

### 3 Pac. 105.

**Insolvency—Notice—Appointment of Assignee.**—In a case of involuntary insolvency there is no provision for serving any notice on the creditors who are the moving parties in the proceeding, and jurisdiction to appoint the assignee is acquired by the service upon the debtor of the creditors' petition and order of the court.

J. H. Craddock and J. S. Belcher for appellant; Stabler & Bayne for respondents.

SHARPSTEIN, J.—The court found, among other things, that at the date of said transfer said Marcuse was insolvent, and in contemplation of insolvency, and to prevent his property from being distributed ratably among his creditors he made said sale and transfer of said goods, wares, and merchandise; that said sale and transfer were not made in the usual and ordinary course of business of said Marcuse, and for that reason—there being no evidence sufficient to overcome the legal presumption raised by the fact—the defendant had reasonable cause to believe that said Marcuse was insolvent; and that said sale and transfer were made with a view to prevent the said property from being ratably distributed among the creditors of said Marcuse. The court did not find everything alleged in regard to said transfer, but it found enough to avoid the sale, and it was unnecessary to find more.

*For subsequent opinion in bank, see Ohleyer v. Bunce, 65 Cal. 544, 4 Pac. 549.

The finding that the court in which the insolvency proceeding was pending, "by an order duly made and given," appointed the plaintiff herein assignee of the estate of said insolvent, is attacked on the ground that there was not such proof as the law requires of the publication of the order appointing a meeting of creditors. In cases of voluntary insolvency it is provided that on receiving and filing the petition, schedule and inventory the court shall make an order declaring the petitioner insolvent, and appoint a time and place for a meeting of the creditors to prove their debts, and choose one or more assignees, and shall designate a newspaper or newspapers in which publication of said order shall be made, and that a copy of said order shall immediately be published by the clerk in the newspaper or newspapers designated as often as the newspaper is printed before the meeting of creditors. But in cases of involuntary insolvency, the court, on the filing of the creditors' petition, is required to issue an order requiring the debtor to show cause, at a time and place to be fixed by the court, why he should not be adjudged an insolvent debtor; and a copy of the petition and order to show cause must be served on the debtor. No provision is made for the service of any notice on the creditors, who are the plaintiffs in such cases. But the court is required to appoint a day for their meeting to elect an assignee. In a case of voluntary insolvency, the proceeding as to creditors is one in invitum; but in case of involuntary insolvency, the reverse is true. The proceeding is, then, one in invitum as to the debtor, and the code provides how and in what manner he shall be served with notice, but makes no provision for the service of any notice on the creditors who are the moving parties, or the plaintiffs, in the proceeding. In a case of voluntary insolvency the court does not acquire jurisdiction to appoint an assignee until after the order mentioned in section 6 has been made, and a copy of it published, as provided in section 7. In a case of involuntary insolvency jurisdiction is acquired by receiving the petition mentioned in section 8, making the order specified in section 9, and serving both the petition and order in the manner provided in section 10.

In this case the defendant objects that the creditors were not duly notified of a proceeding instituted by themselves, and therefore that the court did not acquire jurisdiction to

appoint an assignee of his estate. We think jurisdiction was acquired in this case by the serving of a copy of the petition of the creditors and order of the court on the debtor, and that the law did not require the publication of notice to creditors as appellant contends. It does not appear that the debts of the petitioning creditors were created after the act of 1880 took effect, nor does it appear that they were not. We are informed by the transcript that "the creditors' petition in involuntary insolvency" was introduced in evidence by the plaintiff; contents not stated. It may have shown that the debts were created after the act of 1880 went into effect. If it did not, the appellant should have incorporated it in the record, in order to overcome the finding that the order appointing plaintiff assignee was duly made and given.

Judgment and order affirmed.

We concur: Thornton, J.; Myrick, J.